IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| VERN McKINNEY, #410454 § | |
| § | |
| v.  § | CIVIL ACTION NO. G-04-195 |
| § | |
| DOUG DRETKE, DIRECTOR § | |
| TDCJ-CID § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Vern McKinney, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. On December 23, 1987, McKinney pled guilty to robbery and was sentenced by the 228th District Court of Harris County, Texas to twenty-five years imprisonment in the TDCJ-CID. He was released to mandatory supervision on July 26, 1999. On April 2, 2001, he pled guilty to the possession of cocaine, and his mandatory supervision was revoked on April 18, 2001. Petitioner did not pursue habeas relief in state court. Instead, he filed the instant habeas petition in federal court on March 23, 2004.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a prisoner to exhaust his habeas remedies in state court before pursuing federal relief. 28 U.S.C. § 2254(b). In order to satisfy this requirement, a prisoner must present his claims to the state's highest court for review. *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985). In Texas, a prisoner who challenges the revocation of mandatory supervision must submit his habeas claims to the Texas Court of Criminal Appeals through Article 11.07 of the Texas Code of Criminal Procedure. Petitioner does not dispute that he has not done so in this case.

Petitioner's claims are also time-barred. The AEDPA requires a prisoner to submit his

1

claims to the federal court within one year of the date on which the factual predicate of the claim was discovered. 28 U.S.C. § 2244(d). Petitioner's claim arose on April 18, 2001, when his mandatory supervision was revoked. His federal habeas application was therefore due by April 18, 2002. He did not file it until nearly three years later on March 23, 2004. Petitioner's claims are therefore time-barred by the AEDPA's one-year statute of limitations.

Unexhausted claims are usually dismissed without prejudice so that a prisoner can exhaust his state remedies and represent the claims to a federal court. However, claims that are both unexhausted and time-barred are dismissed with prejudice. *Scott v. Johnson*, 227 F.2d 260 (5th Cir. 2000). Although Petitioner cannot present them again to this Court, he may still be able to pursue his state remedies pursuant to Article 11.07, which does not contain a limitations period.

The Court therefore **RECOMMENDS** that Respondent's Motion for Summary Judgment (Instrument No. 5) be **GRANTED** and that the Petition for a Writ of Habeas Corpus of Vern McKinney (Instrument No. 1) be **DISMISSED**.

The Clerk shall send copies of this Report and Recommendation to the Petitioner. Petitioner shall have until **June 6, 2005**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. <u>The Objections shall be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas  77553</u>. **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain

error.

      **DONE** at Galveston, Texas this  17th  day of May, 2005.

 

John R. Froeschner
United States Magistrate Judge